This is a suit in which plaintiff, a corporation engaged in the business of contract painting, seeks to recover the balance alleged to be due by defendant on the performance of a contract for painting the interior of defendant's building. Defendant answered, denying liability under the alleged contract on the ground that the work performed was not satisfactory, and reconvened, praying for judgment in the sum of $1,850.00, representing the sum of $350.00 paid plaintiff and an additional sum of $1,500.00 alleged to represent the cost of repainting and refinishing. After trial there was judgment in favor of plaintiff as prayed for, and further judgment rejecting the reconventional demands of defendant, from which judgment defendant has appealed.
The testimony of the witnesses, as reflected by the record before us, is so contradictory as to be more confusing than helpful. However, we set forth the following facts as having been established:
On or shortly before December 10, 1945, plaintiff was requested to submit a proposal for spraying defendant's building with aluminum paint, and in response thereto the following offer was made:
"December 10, 1945.
"West Pontiac Co., Monroe, La.
"Gentlemen:
"We propose to furnish all labor, tools, material and insurance necessary for spraying one coat of aluminum paint to all skeleton ceiling, steel trusses and the roof for the sum of Eight Hundred Fifteen Dollars and Eighty Three Cents, ($815.83).
"All work to be done in a first class workmanlike manner, using only first grade materials to your complete satisfaction.
"Yours very truly,
"Keystone Paint Decorating Co. "W. L. Cash."
Later, on the same date, plaintiff was requested to make a proposal including an alternative, making allowance for a deduction from the contract price on the basis of the omission of painting of the exterior of the roof of the building, in accordance with which the following proposal was made:
"December 10, 1945.
"Mr. Allen West, West Pontiac Co., Monroe, La.
"Dear Sir:
"We propose to furnish all labor, tools, material and insurance necessary for spraying one coat of aluminum paint on all skeleton ceiling and steel trusses on the interior of your new building under construction on Louisville Ave., Monroe, La. and one coat of aluminum on the exterior roof of the building for the sum of Eight Hundred Fifteen Dollars and Eighty Three Cents ($815.83).
"If the exterior of the roof is omitted or left off for the present the deduction for this work will be One Hundred Ten Dollars ($110.00).
"All work to be done in a first class workmanlike manner, using only first grade materials.
"Yours very truly,
"Keystone Paint Decorating Co. "W. L. Cash."
It is definitely established that all negotiations leading to and including the submission of the above proposals were conducted by representatives of the plaintiff corporation with another painting contractor, one Lee Thompson, who at the time was engaged in the performance of some painting work, on the same building for the defendant, West. Never at any time was there any direct meeting, conversation or agreement between plaintiff and defendant. Some time subsequent to the date of the offers above noted, plaintiff undertook the job of painting the interior of the building and completed the work on or about March 16, 1946. The exterior of the roof was not painted. On or about August 13, 1946, which date was about five months after completion of the work, defendant made a payment of $350.00 to plaintiff. Failing to receive payment of the balance *Page 558 
alleged to be due, plaintiff filed this suit on February 24, 1948.
The first point of difference arises from the dispute between the parties as to which of the two proposals above set forth was actually accepted. Plaintiff contends that it proceeded to undertake and complete the work on the basis of the alternative proposal, which restated a total contract price of $815.83, but allowed a deduction therefrom in the amount of $110.00 on the basis of the omission of the painting of the exterior of the roof. On the other hand defendant contends that he accepted the first proposal for the complete painting job of both the interior and exterior, and that plaintiff has failed and refused to fulfill his contract to the extent of performing the exterior painting.
The second point urged by defendant is that the painting actually performed was thoroughly and completely unsatisfactory, by reason of the fact that, within a period of some 30 to 45 days after the completion of the work, the paint began to peel off the interior of the roof. Defendant claims that the scaling and peeling of the paint is due to circumstances without his knowledge but within the expert knowledge of the plaintiff, and, consequently, defendant alleged that the defective work resulted from the use of improper materials, poor workmanship or some other reason within the knowledge and control of plaintiff. In support of his reconventional demand defendant claims that the default of plaintiff has made necessary the expenditure of a substantial sum for the repainting and refinishing of the entire interior and for the painting of the exterior of the roof, for which expenditures he seeks reimbursement at the hands of plaintiff, in addition to the recovery of the sum of $350.00 already paid.
Consideration of the facts involved leads us to the definite conclusion that plaintiff has established performance of his contract obligations under the second proposal which omitted painting the exterior of the roof. Next, moving to a consideration of the defendant's charges as to the use of inferior materials and workmanship, we find as a fact that he has failed to substantiate these points. On the contrary, we think the record conclusively justifies a finding that the materials used were of the best grade, and the workmanship was of a high order. These facts were established not only by plaintiff's witnesses but were corroborated by witnesses for the defendant.
The next issue concerns a finding as to which of the two proposals was accepted and acted upon. On this point the testimony is of such an unsatisfactory nature as to confuse and obscure the true facts. Our examination of the record convinces us that greater probative value is to be found in a consideration of the surrounding circumstances than in the vague and conflicting testimony of the witnesses. First, we are impressed with the fact that Lee Thompson, who, if not the agent for defendant, was undisputably the intermediary who conducted all negotiations, was not called as a witness. Apparently Thompson alone knew which of the proposals the defendant wanted to accept. Since this particular defense is affirmative in nature, unquestionably the burden rested upon defendant to establish the same by a preponderance of the evidence and his failure to produce Thompson or to explain in any manner his failure to produce this witness, must be construed against his contention.
We think it is reasonably clear that plaintiff, in good faith, undertook the work on the basis of the second or alternative proposal with the understanding that the exterior painting was to be omitted. Against such a conclusion defendant urges the point that plaintiff's journeyman painter left the job with the promise to return and complete the same. The painter in question testified positively that the only details left uncompleted, according to his instructions, involved the painting of some window frames which had not been installed. It is true that defendant made the effort to substantiate his own testimony on this point with that of an employee who claimed to have been present during a conversation in which the journeyman painter asserted that he would complete the work by painting the exterior of the roof. We are convinced that plaintiff never at any time indicated by word or act the assumption *Page 559 
or recognition of any obligation to paint the exterior of the roof, and it cannot be bound by any promise or understanding on the part of an employee, who was clearly without authority.
Defendant testified that he signed and returned the original of the first proposal, retaining a copy thereof in his files, and explained his inability to produce the copy on the ground that it had been stolen, together with other papers, from his office. This testimony is refuted by the testimony of plaintiffs to the effect that, according to the custom of their business, they never prepared more than an original and one copy of a proposal. Plaintiff produced the copy, introduced the same in evidence and denied receipt of any signed original from the defendant.
In brief defendant attempts to assert a meeting of the minds and an acceptance of the first proposal without affirmatively establishing any direct negotiations or agreement as between himself and plaintiff. As against this contention it is noted that defendant made a substantial payment of $350.00, which was approximately one-half of the amount which was due under the second proposal, five months after the completion of the job, and four months after, according to his testimony, the painting had begun to deteriorate and peel. It is not only difficult but impossible for us to reconcile this course of action with defendant's claim.
Finally, we come to a consideration of the question of liability on the part of plaintiff for the breaking down of the paint on the interior of the roof. There is a considerable amount of testimony in the record as to the reasons for this deterioration. Some of this testimony indicates that the condition was due to the fact that the galvanized metal of which the roof was constructed was not treated before the application of paint; some indicates that the failure to paint the exterior, permitting a consequent conduction of intense heat from the sun, was the cause which affected the scaling and peeling of the paint on the interior of the roof. It is contended on behalf of defendant that, whichever of these two reasons was responsible, the result was chargeable to plaintiff's failure to take proper precautions or to inform defendant as to the possibilities of an unsatisfactory job. Under the circumstances we do not think this point is pertinent. If the negotiations had been conducted directly by defendant with plaintiff, this claim might be entitled to some considerable weight. But since defendant was content to leave the negotiations in the hands of a third party, who was himself a painting contractor, we cannot impose the asserted burden of responsibility upon plaintiff.
With further reference to this point we think defendant's position would be more tenable if he had successfully established the acceptance under the original proposal which not only obligated plaintiff to use first-class materials and to perform the work in a first-class workmanlike manner, but unreservedly "to your complete satisfaction." Whether with or without intent on the part of plaintiff, the words "to your complete satisfaction" were omitted from the second proposal, which limited the obligations assumed to the use of first grade materials and the performance of the work in a first-class, workmanlike manner.
This case involves purely a determination of facts, and, upon the basis of the reasons above set forth, we are unable to point out any manifest error in the findings of the learned judge of the district court. As a consequence the judgment appealed from should be, and is, herewith affirmed at appellant's cost.
TALIAFERRO, KENNON, and HARDY, JJ., sitting. *Page 560